## ACKENBURGH *v.* MCCOOL.

CONTRACT.—*Agency.*—*Purchase by Agent on his own Account.*—*Excessive Advancements.*—The plaintiff was employed to act as the agent of the defendant in purchasing, prizing, and shipping tobacco to the defendant in New York, and for that purpose the plaintiff was to open a planters' commission business in Newburgh, Indiana, and was to receive seventy-five cents on each hundred pounds of tobacco for prizing, and was to send an account of his fees, with the tobacco, to the defendant at New York, that they might be collected on sale of the tobacco and deducted, so as to require the payment of the same by the planters. The plaintiff was to devote his time faithfully to said business, and comply with all instructions given him by the defendant, and he was to receive and was guaranteed eight hundred dollars for the season. If he could, the defendant was to extend the business to other points, and if successful in so doing, the plaintiff was to have the choice whether he would take the eight hundred dollars, or the seventy-five cents on each hundred pounds prized and shipped from Newburgh and twenty-five cents on all tobacco prized and shipped from other points. Suit was brought by the plaintiff for the eight hundred dollars for his services. Answers were filed in denial, and also alleging that the plaintiff had made excessive advances on tobacco, contrary to instructions, and had used the defendant's money in purchasing tobacco on his own account, and excited the suspicions of planters and prevented the extending of the business to other points, and that he had failed to report his fees for prizing so that the defendant might collect the same; and a counter claim was made against the plaintiff. On the trial, the court instructed the jury, in effect, that, if the plaintiff was shown by the evidence to have entered into the contract set out, and complied with the terms of his contract, and had not elected to take the fees, he was entitled to recover; that if plaintiff purchased tobacco on his own account he was not entitled to the profits thereon unless expressly agreed to by defendant; that if the terms of the agreement prohibited the plaintiff from purchasing tobacco on his own account, he could not maintain the action unless the defendant consented to such purchases, if he suffered injury therefrom; and that if plaintiff had exceeded the limit authorized in making advances on tobacco, he could not recover.
*Held,* that the defendant could not complain of the instructions.

APPEAL from the Vanderburgh Common Pleas.

DOWNEY, J.—The record in this case is full of transposition, confusion, and strange terminology. After much time spent in its examination, we are not at all certain that we perfectly understand it. Assuming that we do understand it, the case is as follows:

The action was brought by McCool against Ackenburgh,

and in connection with it there was an attachment and pro-
cess of garnishment.    McCool was successful in the court
below, and Ackenburgh appeals.    He assigns as errors:

1st.  The striking out of the first paragraph of his answer
to the amended first paragraph of the complaint.

2d.  The striking out of the second paragraph of his an-
swer to said paragraph of the complaint.

3d, 4th, 5th, 6th, and 7th.    Refusing to give instructions
asked by him, and numbered 1, 2, 3, 4, and 5.

8th.  Giving instructions A, B, C, F, and I, and each of
them; and

9th.  In refusing to grant him a new trial.

Ackenburgh was a commission merchant doing business
in New York, and having a general agent in Indiana.
Through this agent a contract was made with McCool, by
which he agreed to act as agent for Ackenburgh in purchas-
ing, "prizing," and in shipping tobacco to Ackenburgh.
The first paragraph of the complaint, as amended, alleges
that by the contract McCool was to open a warehouse at
Newburgh for the purpose of carrying on a " planters' com-
mission business," for receiving, prizing, and forwarding to
the defendant, at his place of business in New York, to be
sold by him on account of planters; the defendant charging
a commission for selling, all tobacco which should be in-
trusted to the plaintiff as such agent.    The plaintiff was to
advance to the owners of such tobacco money, to be fur-
nished by the defendant, as might be agreed upon, the plan-
ters to pay the defendant for receiving, prizing, and forward-
ing the tobacco, seventy-five cents per hundred pounds, to
be retained by him out of the proceeds of the tobacco, when
sold.    The plaintiff was to devote his time faithfully to said
business, comply with all the instructions given him by the
defendant, and use his best efforts in said business.    For his
services the defendant agreed to pay him eight hundred dol-
lars, and the defendant agreed that, if he could, the business
should be extended to other points, and if he could do so,
the plaintiff was to have the choice whether he would take

the seventy-five cents on the hundred pounds of the tobacco prized at, and shipped from, Newburgh, and twenty-five cents on each hundred pounds of tobacco received and prized at other points, or said sum of eight hundred dollars. This agreement was reduced to writing, and is as follows:

"EVANSVILLE, INDIANA, January 8, 1868.

"I hereby agree with Mr. E. McCool that I will insure him the amount of eight hundred dollars for his season's transactions in tobacco business, and he is to use every effort in his power, according to instructions from me. In the event of my arranging territory for him that will accomplish more profit than the point at Newburgh, and, if they can be secured, a house at widow McCool's, and the house at the Miller settlement, than the above named houses will pay, then it is to be at McCool's choice whether he accepts the amount above named, or receives the profits which will accrue out of the new territory so arranged. I further agree to make every effort to arrange for McCool territory besides that named, which will make the profits reach a greater amount; *it being understood that McCool is to receive these profits to himself in case he may make the choice* above named. WM. S. FORD,

General agent for R. H. Ackenburgh."

It is alleged that the plaintiff performed the contract on his part; but that the defendant failed, on his part, either to arrange for the additional and extended business, or to pay the eight hundred dollars; and that the plaintiff did not elect to take the profits mentioned, of which he notified the defendant; that he has repeatedly demanded of the defendant the said sum of eight hundred dollars, which he has refused to pay; that at the close of the tobacco season, the plaintiff made out and delivered to the defendant a full report of all his transactions, and that the defendant owes him the said sum of eight hundred dollars.

The second paragraph of the complaint is for money had and received by the defendant to and for the use of the plain-

tiff, being for tobacco consigned to and sold by the defendant for the plaintiff.

The defendant answered to the first paragraph of the complaint, first, that by the contract of agency in said paragraph mentioned and partly set forth, the prizing fee of seventy-five cents per hundred pounds of tobacco received, prized, and forwarded by plaintiff to the defendant, to be paid defendant by his retaining the same out of the proceeds of the sales of the tobacco so shipped and sold as in said paragraph of the complaint alleged, was to be paid to and retained by said defendant out of the proceeds of said sales upon and by virtue of the certificate of said plaintiff of the amount of said prizing fees, of his several shipments of said tobacco; and that said plaintiff, in violation of his said contract, fraudulently failed and neglected to certify the amount of said prizing fees, whereby defendant was prevented from collecting and receiving said prizing fees to a large amount, to wit, the amount of one hundred dollars, and therefore the said plaintiff did not make the sum of eight hundred dollars for his said season's transactions in tobacco, but failed to make the same by his own wrong, and ought not to recover the same.

Second. That the said amended first paragraph of said complaint does not fully set out the terms and conditions of the contract of agency therein mentioned; that by said contract of agency said plaintiff was to be entitled to the said prizing fee of seventy-five cents per hundred pounds on all tobacco received, prized, and shipped by him to defendant during the said tobacco season, in the course of the said agency, the aggregate of which said prizing fees defendant, by his said agreement in writing, made a part of said paragraph, insured said plaintiff would amount to eight hundred dollars for his season's transactions in said tobacco business; that by said contract of agency the said plaintiff agreed to charge said prizing fee to the planters and owners of said tobacco so received, prized, and shipped by him, and certify the amount thereof on each of said shipments to the said

Ackenburgh *v.* McCool.

defendant, to be by him retained out of the proceeds of sales of the same, and placed to the credit of said plaintiff until the said plaintiff should make choice between the amount of eight hundred dollars, and the profits mentioned in said written agreement; and defendant alleges that the said plaintiff failed to comply with the said terms and conditions of said contract of agency, by fraudulently failing and neglecting to charge said planters and owners of said tobacco so received, prized, and shipped by him with said prizing fee; and by fraudulently failing and neglecting to certify to defendant the amounts of said prizing fees on the several shipments of tobacco made by him to defendant; whereby the said defendant was prevented from collecting and retaining prizing fees on said tobacco so received, prized, and shipped by plaintiff, and sold by defendant, to the amount of one hundred dollars; and therefore, defendant says that said plaintiff by his own violation of his said contract of agency, and wrong, failed to make said sum of eight hundred dollars for his season's transactions in said tobacco business, and ought not to recover upon said paragraph.

Third. That the defendant was prevented from arranging territory for the plaintiff which would yield a greater sum than eight hundred dollars, and from arranging for the plaintiff, besides Newburgh, widow Mrs. McCool's, and the Miller settlement, which would make the profits of said agency reach a greater amount, whereby the plaintiff might have had an opportunity to take an amount greater than the eight hundred dollars in case he elected to do so, by the plaintiff's violating his said contract of agency in speculating in tobacco on his own account, and shipping the same with the tobacco intrusted to him as the agent of defendant, and thereby exciting the suspicions of the planters and owners of tobacco so intrusted to him, and of their neighbors, and others owning tobacco in the vicinity of said widow McCool's and the Miller settlement, and throughout the said county of Warrick generally; and that by means of said wrongful acts and doings, the business of said agency was

greatly injured and decreased, and defendant damaged to a large amount, to wit, to the amount of two thousand dollars; wherefore defendant demands judgment against said plaintiff for said sum of two thousand dollars, as a counter claim against said plaintiff, and for other proper relief.

To the second paragraph of the complaint the defendant answered, first, admitting the consignment to him of the tobacco by the plaintiff, and the sale thereof by him, and that he had received the proceeds, four hundred and seventeen dollars and sixty-five cents, which had not been paid; but alleging that said tobacco was purchased and shipped by said plaintiff to said defendant during said tobacco season, for which the said plaintiff contracted to act as the agent of the defendant in the planters' commission business, at Newburgh, Indiana, as in said first paragraph of the answer alleged, and was paid for by said plaintiff with the money furnished by defendant to him as such agent for the purpose of making advances to such planters and others as would through him, as said agent, ship their tobacco to defendant at New York, to be by him sold on commission on account of said planters and others, in violation of his said contract of agency and of the printed instructions to plaintiff.

The second paragraph is set-off, alleging that the plaintiff is indebted to the defendant in the sum of seventeen hundred and three dollars, for so much money by said plaintiff had and received to and for the use of said defendant, etc.

There is another counter claim, in which it is alleged that the defendant furnished to the plaintiff seventeen hundred and three dollars, to be advanced on tobacco, and that the plaintiff failed to advance it in that way, but converted it to his own use.

There is also a general denial of the whole complaint.

Issue was taken on the paragraphs of the answer, but exactly how it was done we cannot ascertain from the record. One paragraph of the reply denies each and every allegation of the complaint.

There was a trial by jury, and verdict for the plaintiff, motion for a new trial overruled, and judgment on the verdict.

With reference to the first and second assignments of error, that is, the striking out of the first and second paragraphs of the answer to the amended first paragraph of the complaint, we may dispose of them by saying that so far as the record is concerned, the grievance is wholly imaginary. No such action of the court appears in the record. But if they had been stricken out, we could not consider the question without a bill of exceptions bringing the question before us. *Fisher* v. *Ewing*, 30 Ind. 130.

The technical meaning of the word "prize" is thus explained by the witnesses, and stated in the brief of appellant's counsel:

The mode of conducting the planters' commission business is fully explained by the evidence. Tobacco of fifty different planters is bulked separately in the same warehouse at the same time. It is necessary that each hogshead should contain the same quality and character of tobacco. But the same character of tobacco in a quantity sufficient to fill a hogshead, will not ordinarily be found in a single crop of tobacco. It thus becomes necessary to select tobacco of like character from tobacco owned by other planters. And that each planter may get the proceeds of his own tobacco, the quantity owned by each is carefully weighed, then prized into the hogshead, and a certificate of the quantity owned by each person is sent with the number and mark of the hogsheads to the principal in New York. By this system of doing business it becomes the principal duty of the agent to certify to the principal the quantity, quality, and ownership of every pound of tobacco prized into each hogshead, in order that, when that hogshead is sold at New York, each planter may have credit for the proceeds of his part of the hogshead, and be charged with his proportion of the expenses on each hogshead, including, of course, the prizing fee of seventy-five cents per one hundred pounds.

The instructions which it is alleged the court improperly refused to give are as follows:

"1.   If the jury believe from the evidence, that the contract between the plaintiff and defendant prohibited the defendant from speculating in, or purchasing tobacco on his own account, and that he violated said contract in this particular, he cannot recover on the guarantee sued on in this action."

"2.   If the jury believe from the evidence, that the plaintiff exceeded the limit prescribed by the defendant, in making advances to the owners of tobacco, in violation of his contract, he cannot recover upon the guarantee sued on."

"3.   If the jury believe from the evidence, that the defendant guaranteed the plaintiff $800 for his season's transactions as agent of the defendant in the tobacco business, and that plaintiff was required by said contract to charge and certify to defendant the prizing fees on the several crops or lots of tobacco, forwarded by plaintiff to defendant, to enable the latter to retain the same out of the proceeds of said crops or lots, and that plaintiff failed to certify and so charge said prizing fees, the plaintiff ought not to recover upon the said guarantee."

"4.   If the jury believe from the evidence, that the plaintiff purchased the tobacco mentioned in the second paragraph of his complaint, or any part thereof, during the time he was acting as agent of the defendant, or with the money of the defendant, all profits from any such purchase beyond the compensation agreed upon belong to the defendant, and plaintiff cannot recover the same in this action."

"5.   If the plaintiff was the agent of the defendant for an agreed compensation, all the profits made by him in the business beyond said compensation are for the benefit of the defendant, and plaintiff is not entitled to recover them in this action."

The instructions given, including those to which the defendant excepted, and which are referred to in the motion for a new trial, are as follows:

"A.   The plaintiff in this action seeks to recover upon a certain contract, which he charges to have been made between

the parties, in which he charges that defendant guaranteed that the plaintiff would realize eight hundred dollars, and claims from defendant eight hundred dollars upon such guarantee; and in order to entitle the plaintiff to recover the eight hundred dollars, you must be satisfied from a preponderance of the evidence, that the parties made the contract set up in the complaint, and that the plaintiff fulfilled all the obligations of such contract on his part to be performed, according to such instructions as he received from plaintiff or his agent, Ford; and if you find from the evidence that the agreement set out in the complaint is the contract made between the parties, and that plaintiff did comply with said agreement, and perform all the obligations of such agreement on his part to be performed, according to the instructions he received, and that plaintiff did not elect or choose to take any portion of the profits for his services instead of the eight hundred dollars, the plaintiff will then be entitled to recover the eight hundred dollars and interest thereon, from the time when such tobacco season is shown by the evidence to have closed.

"But if, on the other hand, the contract made between the parties was another and different contract from that set out in the complaint, or the plaintiff failed to perform any of the obligations of said contract, on his part to be performed, according to the instructions which were given him, then the plaintiff cannot recover said sum of eight hundred dollars, upon such guarantee, or any part thereof."

"B. In relation to the other claim set up by the plaintiff for the net proceeds of tobacco charged to have been purchased by plaintiff on his own account, if you are satisfied from the evidence that plaintiff was acting as agent of defendant for a fixed compensation, and that he made certain purchases of tobacco on his own account, even though you should find that such purchases were made with the consent and approbation of defendant, yet the profits arising from such purchases would belong to defendant, unless it was agreed and understood that such purchases were to be made for the benefit of

plaintiff; but if, on the other hand, you are satisfied that it was agreed and understood that whatever profits might arise from such purchases were to belong to plaintiff, then the plaintiff will be entitled to recover the net proceeds of such purchases."

" C. If the jury believe from the evidence, that the contract between the plaintiff and defendant prohibited the plaintiff from speculating in, or purchasing tobacco on his own account, and that he violated said contract in this particular, he cannot recover upon the guarantee sued on in this action, unless said purchases on his own account were made with the consent and approbation of the defendant, if it appear that injury resulted therefrom."

"D. If the jury believe from the evidence, that the plaintiff exceeded the limit prescribed by the defendant, in making advances to owners of tobacco, in violation of his contract, he cannot recover upon the guarantee sued on."

"E. If the jury believe from the evidence, that defendant guaranteed the plaintiff eight hundred dollars from his season's transactions, as agent of defendant in the tobacco business, and that plaintiff was required by said contract to charge and certify to defendant the prizing fees on the several crops or lots of tobacco forwarded by plaintiff to defendant, to enable the latter to retain the same out of the proceeds of sale of said crops or lots, and that plaintiff failed to so charge and certify said prizing fees, the plaintiff ought not to recover upon said guarantee."

"F. If the jury believe from the evidence, that the plaintiff purchased the tobacco mentioned in the second paragraph of his complaint, or any part thereof, during the time he was acting as the agent of the defendant, or with the money of the defendant, all profits from any such purchase, beyond the compensation of plaintiff agreed upon, belong to the defendant, and plaintiff cannot recover the same in this action, if it appears that injury resulted therefrom, unless it was ageeed that such purchases were to be made for plaintiff's benefit."

"G. If the plaintiff was the agent of defendant for an agreed compensation, all profits made by him beyond said compensation, are for the benefit of the defendant, and plaintiff is not entitled to recover them in this action, unless the evidence shows that such profits were, by agreement, to belong to the plaintiff."

"H. The court instructs the jury that if they believe from the evidence, that the parties made the contract set out in the complaint, and that the plaintiff, Emery McCool, complied with the contract set out in his complaint, and that he never chose nor elected to take any part of the profits for his services, then he would be entitled to recover on the written guarantee the sum of eight hundred dollars, together with the interest from the close of the season's transactions, without regard to the number of hogsheads of tobacco received. The court instructs the jury that, if they believe from the evidence, that the plaintiff purchased with his own money and means a part of the tobacco in the second paragraph of the complaint mentioned, and the balance with the knowledge, consent, and approbation of the defendant, the defendant advancing him money on the purchase, then the plaintiff would be entitled to recover the net proceeds of the sale, as shown by the account sales made out by the defendant and given in evidence."

"I. Although the jury believe that the plaintiff bought tobacco during the time he was acting as agent, yet, if he did it with the knowledge and consent of the defendant's agent, it would not be a violation of his instructions, and would be no cause of defence against the plaintiff's guarantee to pay the eight hundred dollars."

Without expressing any opinion as to the correctness of the first, second, and third charges asked and refused, we are of the opinion that they, and also the fourth and fifth charges asked and refused, which seem to be correct, are fully embraced in the charges given by the court, which are above set out.

While it seems to us that the plaintiff might well object to

some of the charges given, we do not think that the defendant has any good ground to complain of them.

It cannot be expected that upon any mere conflict in the evidence, such as is referred to by counsel for appellants, we will disturb the judgment.

Judgment affirmed, with costs and three per cent. damages.

*J. J. Chandler* and *A. Dyer,* for appellant.

*J. M. Shackelford* and — *Parrett,* for appellee.