## FULLER *v.* CITIZENS' NAT. BANK OF GALION, O.

*(Circuit Court, N. D. Ohio, E. D.  October Term, 1882.)*

1. PRINCIPAL AND AGENT—NEGLIGENCE—LIABILITY.

Where an owner of property lets the whole work of excavating and finishing a vault in front of his property to a party, as a contractor, to finish and complete the whole as a job, without reserving any control or direction over him in its construction, or over the construction of the work or the place where it was being constructed, or the mode of its execution or the workmen to be employed to do it, although such contractor is to be paid a reasonable compensation for the work when completed, or is to be paid by the day, and no fixed price is agreed on, and although the owner furnishes the material, he will not be liable for the negligence of such contractor in not providing suitable guards against danger to persons passing on the sidewalk. But if such owner reserves the control of the place of the excavation, or the control of the contract, or the right to direct him in the construction of the work, or does control him or direct him in the doing of the work, such contractor is the mere servant of such owner, and the owner will be liable for his negligence and carelessness.

2. NEGLIGENCE—REASONABLE AND PROPER CARE.

Negligence is a failure to do what a reasonably-prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under existing circumstances would not have done. Reasonable and proper care must have reference to surrounding circumstances. These may often demand a higher or lower degree of care and diligence of a party.

3. SAME—MATTER OF LAW AND FACT—PROVINCE OF COURT AND JURY.

Negligence is a question of law and fact. The duty of the party is matter of law, and to be settled by the court. What was done by the party is matter of fact, and to be determined by the jury.

4. SAME—PREPONDERANCE. OF EVIDENCE.

In an action for damages for an injury caused by negligence, it is incumbent upon the plaintiff to establish, by a fair preponderance of evidence, that the party charged with negligence, or his agent or servant, was guilty of the negligence complained of, to entitle him to recover.

5. SAME—MEASURE OF DAMAGES.

Where a jury find defendant guilty of negligence resulting in injury to plaintiff they should assess him such damages as they think will reasonably compensate him for the injury received, and may take in account in such assessment of damages his loss of time, bodily and mental suffering, expense of nursing and doctors' bills, diminished capacity to attend to business or work in the future, and permanent disability, occasioned by the injury, if such is shown by the evidence.

At Law.

*Adams & Russell*, for plaintiff.

*C. H. Scribner* and *Judge C. E. Pennewell*, for defendant.

WELKER, J., (*charging jury.*) The defendant, at the time of the injury complained of by the plaintiff in this case, was the owner and occupier of a building used for banking business on the east side of South Market street, in the town of Galion. It had caused the digging of an excavation in the sidewalk in front of the building, to be used as a coal vault for the use of the building. On the morning of the sixth of November, 1880, at about 4 o'clock, the plaintiff went from his hotel to the depot of the N. Y., P. & O. Railroad, to take the train then due, passing along on Market street, on the opposite side from the bank building. Missing the train, he returned towards the hotel, and passed along the sidewalk in front of the bank building, and in doing so fell into the excavation, and was injured by having his arm broken, and for which he sues the defendant. He alleges that the defendant in the construction of the vault, the same being open, did not place around the excavation a safe and proper fence to protect the public using the sidewalk, and particularly the plaintiff, from danger in falling into the same, and was guilty in that respect of negligence, and thereby, without the fault of the plaintiff, caused the injury of which he complains. The defendant denies the negligence charged, as well as the injury.

By way of a special defense, the defendant alleges that it made a contract with one David Tamlyn, a contractor and builder, to make a vault of certain dimensions in the sidewalk in front of its building, and complete the same, and to be paid for by it in such amount as it might be reasonably worth. It alleges that it had no control over the digging of the vault or its completion, except to furnish the greater part of the materials, and that, therefore, it is not liable for the neg-

ligence of the said contractor in the execution of the work. This answer is denied by the plaintiff, who alleges that the said Tamlyn was only the agent or servant of the defendant, and as such, it is liable for any negligence or want of care of Tamlyn that caused the injury to the plaintiff.

This issue involves a question of fact as well as one of law. The first is for you to settle from the evidence, and the law is to be settled by the court. It is conceded that Mr. Tamlyn in fact made the excavation into which the plaintiff fell, and was engaged in building it up for the defendant at the time. The defendant had the right to make, or cause to be made, the excavation in the sidewalk for use as a coal vault, connected with its banking house alongside of the sidewalk, if no ordinance of the town prevented it, and it is not claimed that there was such an ordinance.

It is important to determine in the first place the character of Tamlyn, and the relation he bore to the defendant in doing the work for it. You will then carefully examine the evidence, and from that determine what was the contract between defendant and Tamlyn, and then apply the facts thus found to the law as given you by the court, and thus you will be enabled to determine the issue. The defendant being a corporation, acts by its officers, and whatever was done by Mr. Green, its cashier, representing the bank, would be the act of the bank; and this authority to act for the bank may be given by parol, or by resolution of the board of directors. If you find from the proof that the defendant let the whole work of excavating and finishing the vault to Tamlyn, as a contractor, to finish and complete the whole as a job, without reserving any control or direction over him in its construction, or over the construction of the work, or the place where it was being constructed, or the mode of its execution, or the workmen to be employed to do it, then he would be an independent contractor, and the defendant is not liable for his negligence in not providing suitable guards against danger to persons passing on the sidewalk. The mere fact that Tamlyn was to be paid a reasonable compensation for the work when completed, or to pay by the day, and no fixed price agreed on, do not of themselves change his relation to the defendant; nor does the fact that the defendant was to furnish material with which the vault was be constructed change the relation. But if you find that the defendant reserved the control of the place of the excavation, or the control of Tamlyn, or the right to direct him in the construction of the work, or did control him or direct him in the doing of the work, then he was the mere agent or servant of the de-

fendant, and it would be liable for his negligence and carelessness, the same as if the defendant did it itself. The mere fact that the defendant remained in the possession of the banking house does not establish the fact of the control of the place of the excavation on the sidewalk. If the contract was for the completion of the vault as an entirety, neither party would have a right to terminate the contract before completion.

In determining the relation of the defendant to Tamlyn, it will be your duty to carefully consider the whole evidence in the case as well as the actions of the defendant and Tamlyn, during the time of the construction of the work. If you find this issue in favor of the defendant, it will be your duty to return a verdict in its favor, and you need not examine or consider the issue made as to the carelessness alleged against the defendant. But if you find for the plaintiff on this issue, it will be your duty to consider the evidence bearing upon the negligence alleged to have caused the injury; and the negligence of Tamlyn, if such agent and servant of the defendant, would be the negligence of the defendant itself. The negligence complained of is that suitable guards or inclosures were not placed by defendant around the excavation to prevent danger. Negligence is a failure to do what a reasonably-prudent person would ordinarily have done under the circumstances of the situation; or doing what such person under existing circumstances would not have done. Carelessness and negligence are relative terms—what might be negligence under some circumstances or time or place may not be so under other circumstances, at another time or place. Reasonable and proper care must have reference to surrounding circumstances. These may often demand a higher or lower degree of care and diligence of a party.

Negligence is a question of *law* and *fact*. The matter of law involves the duty of the party, and that of fact what was done by the party. The court settles the former; and it is your duty to determine the latter. The plaintiff had the right to the use of the sidewalk, in going from the depot to the hotel, unobstructed and free from danger, but in using it he must exercise reasonable and ordinary care to avoid dangerous obstructions if any such be found thereon. The defendant, having the right to make the vault as before stated, it was its duty, while so making the excavation and completing the vault under the sidewalk, to exercise ordinary care to avoid danger to those who might desire to pass over the sidewalk or along the street around it, by placing around the excavation suitable and proper guards or inclosures to reasonably assure safety to persons passing along it, and

to warn such persons of such excavation and the danger therefrom. The defendant was not bound to insure absolute safety to persons using the sidewalk. If it appear in the evidence that the plaintiff himself, by his own carelessness and neglect, contributed to the injury, there can be no recovery in his behalf. Under this issue, then, it is your duty to carefully consider the evidence and ascertain what was done by the defendant or Tamlyn in guarding the excavation to prevent danger to persons passing it, and to determine whether in that respect the defendant was guilty of negligence as before defined by the court.

If proper guards or inclosures were placed around the excavation on the evening of the fifth of November, when work thereon ceased, and during the night, and before the plaintiff came along and fell into the excavation, such guards or inclosures had been removed, or were broken down without the knowledge of the defendant or its agent, it is not responsible for any injury resulting from such removal.

It is incumbent upon the plaintiff to establish by a fair preponderance of evidence that the defendant, or its agent or servant, was guilty of the negligence complained of, to entitle him to recover. The weight of the evidence and the reliability of the witnesses are matters for you to settle, and of which you are the judges. If you find this issue in favor of the defendant, that it was not guilty of negligence, then your verdict should be in its favor. If you find the defendant guilty of the negligence charged, then it will be your duty to find for the plaintiff, and assess him such damages as you think will reasonably compensate for the injury received. The amount is entirely within your control. There are, however, several elements to be taken into account in such assessment of damages: such as loss of time occasioned by the injury, bodily and mental suffering, expense of nursing and doctors' bills, diminished capacity to attend to business in the future, and permanent disability occasioned by the injury, if such is shown from the evidence.

---

The jury returned a verdict for the plaintiff for $3,500. The argument on the motion for a new trial was heard by Judges BAXTER and WELKER,—the former by request of the trial judge,—and after consideration the above charge was approved by the circuit judge, and the motion for a new trial overruled by Judge WELKER, and judgment entered upon the verdict.