No. 12,411.

THE NATIONAL BANK OF RISING SUN v. SEWARD.

PRINCIPAL AND AGENT.— *Investing Principal's Money in Agent's Name.*—
Where an agent, under the instructions of his principal, purchases prop-
erty in his own name, the principal is entitled to all the profit arising
from the transaction.

From the Ohio Circuit Court.

*A. C. Downey, J. B. Coles* and *G. E. Downey,* for appellant.
*J. S. Jelley,* for appellee.

ELLIOTT, J.—The material facts disclosed by the record
are these : The appellant was the owner of a judgment against
Alfred, Mortimer and William Dunning, for $1,260. One
of the judgment debtors died, and the survivors filed a peti-
tion for partition of the land involved in this controversy.
A commissioner was appointed to sell the land, and he did
sell it for $1,870, to the appellee, who acted as the agent of
the appellant. At the time this sale was made the appellee
was the president of the appellant and one of its directors.
An order, made by the board of directors and signed by him
as president, contains this clause: " This being the day of
the sale of the Dunning property, it was decided to run the
Main street property to $2,000, and Mr. Seward was ap-
pointed to bid." He did bid in the property for $1,870, but
the appellant was not content to let him have it although he
offered to take it and pay the difference between that sum
and $2,000, and an order was made by the board of directors
reading thus: " The Main street Dunning property having
been bid off for the bank at $1,870, it was decided to offer
the property for sale to the highest bidder, at ten o'clock
Monday next, the terms of sale to be the same as the late
commissioner's sale." This order, like the former one, was
signed by the appellee as president. The land was offered
for sale as provided in the order and was bid in by the ap-
pellee for $2,475. He paid the bank $201.67 in cash and

executed two notes for $201.67 each. The question in this case is as to the right of the bank to enforce collection of those two notes.

We think it quite clear that the bank is entitled to recover the amount of the notes executed to it by the appellee. The property was bought by him at the first sale as the bank's president and agent, and as the property was bought by him for the bank, it was entitled to whatever profit was made in the transaction. The appellee was not the owner of the property, but the bank was, and we think it too plain for discussion, that it is the owner, and not the agent, who is entitled to the profit arising from a sale of property.

Judgment reversed.

Filed April 22, 1886.