FINKELSTEIN v. BALKIN.

(Supreme Court, Appellate Term. March 14, 1907.)

MASTER AND SERVANT—INDEPENDENT CONTRACTORS.

Where, in an action by plaintiff for injuries sustained by him, owing to the breaking of a scaffold upon which he was whitewashing a building for defendant, it appeared that defendant agreed to give plaintiff a certain sum to do the job, and told plaintiff to take the scaffold in question, which belonged to defendant, and go ahead with the work, plaintiff was an independent contractor, and defendant was not liable.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Mandel Finkelstein against William Balkin. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HEND-
RICK, JJ.

Ira J. Ettinger, for appellant.
Jacob W. Block, for respondent.

HENDRICK, J.   The plaintiff brought this action and recovered
a judgment for injuries sustained by him in falling from a scaffold
on which he and his partners were at work in whitewashing a build-
ing owned by the defendant.   The plaintiff applied to the defendant,
and asked to be let a contract for whitewashing certain premises in
136th street.   He was asked to look at a house on the corner of Market
and Cherry streets, and estimate on the cost of the work to be done
there.   Thereafter he and his partner called upon the defendant, and
an agreement was entered into between them, by which the plaintiff
and his partner was to do the work of whitewashing the rear of the
building for the sum of $25.   Up to this point there is no substantial
dispute in the testimony.   The breaking of the handrail upon a scaffold
used in the work was the cause of the accident, and as to who was
to furnish the material to do the work and the scaffold to work upon
is in question.

The plaintiff claims that the defendant was to furnish all the material
and a scaffold, and the defendant and his witnesses testify that the
plaintiff was to furnish all the means to do the work with, but that
he asked the defendant to loan him the scaffold used, which request
was granted.   When the plaintiff began work the scaffold was at the
front of the building, and was moved by him to the rear, and then
suspended by ropes attached to the roof in the manner usually em-
ployed in such work.   It was hanging against the wall of the build-
ing, and the plaintiff and his partner had worked thereon for nearly
three days, when the accident happened.   The manner in which it oc-
curred is substantially as follows:   The plaintiff went upon the
scaffold, and, it giving a sudden move, he caught the railing attached
to the scaffold to save himself from falling, whereupon the railing
broke and he fell to the ground, receiving the injuries complained of.
He says that at the very instant he caught the rail, and while he was
attempting to save himself from falling, he noticed a crack in it, and
that before he could remove his hand it broke.   He made no particular
examination of the scaffold or rail before he began using it, and nobody
but himself and his partner had used it during the progress of this
work.   On the part of the defendant it was shown, without substan-
tial contradiction, that on Saturday, prior to the time plaintiff began
to use the scaffold, his use thereof beginning on the following Monday,
it was in first-class condition, the handrail being of pine $2\frac{1}{2}$ by $2\frac{1}{2}$
inches, that size being the usual size employed in handrails on scaf-
folds on this kind of work, and that the rail was apparently solid.
It was not contradicted that an examination of the rail immediately
after the accident, revealed that it was a new, clean break of apparent-
ly solid wood, with no evidence of rot or crack therein.

Under this state of fact it is difficult to see upon what theory the
plaintiff is entitled to recover.   It is quite evident that the plaintiff
was an independent contractor.   The appellant says in his brief, that:

"Independence of control in employing workmen and in selecting the means of doing work is the test usually employed by courts to determine whether the contractor is independent or not."

This is broadly stated, but, adopting that as the test, it is quite clear that in the case at bar the plaintiff and his partner had an absolute right in doing this work to select the time and means and to employ any workmen they might choose to assist them. The plaintiff testified:

"Q. What did he [defendant] tell you at the time he employed you to work? A. He did not say anything, except to take the scaffold and go ahead and do the work. 'It is my scaffold and my rope. Go ahead and do the work.'"

In this same connection, evidently endeavoring to be considered as a mere employé, the plaintiff testified that he was promised $25 a week for doing the work, but subsequently he admitted that he and his partner were to have $25 for doing the job, whether it took "one day or ten." There certainly was no suggestion in the foregoing remark of the defendant, as testified to by plaintiff, that the plaintiff was not to engage other workmen, nor to furnish any material, or to supply, if he chose to do so, a different or other scaffold from the one owned by the defendant upon which to stand while doing the work. It is very evident that the plaintiff and his partner had the complete and absolute control over the work and the means to be employed to perform it. The record will be searched in vain for any testimony tending to show that the defendant exercised or assumed to exercise any control over the work, or that he gave a single direction in reference thereto, or claimed a right to direct the manner in which it was to be done or the appliances to be employed in its prosecution. The plaintiff represented the will of the employer only as to the result of the work, and not as to the means by which it was to be accomplished, which is the true test. Thompson on Negligence, p. 570.

It is true that the plaintiff, in answer to the question, "You did not have a boss over you while you were doing the work?" said, "The contractor, Balkin." But, in the absence of any direct testimony showing direction or control by the defendant, the answer must be deemed a mere conclusion of the witness, not based upon any shown or admitted fact, and is not sufficient to establish the relation of master and servant between the parties; and, unless that relation is shown, the provisions of the labor law have no application. As the record stands, if the defendant owed the plaintiff any duty, it was shown to have been discharged by the undisputed testimony that the scaffold was properly constructed, of proper material, and was in perfect condition when it went into the plaintiff's possession, having no known or discoverable defects so far as could be ascertained by careful inspection. If any presumption of negligence is raised by the happening of the accident, it was overcome by the proof given by the defendant, as before stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.