Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY J. PRINCE, Respondent, for Compensation under the Workmen's Compensation Law, for Herself and Children, for the Death of GEORGE B. PRINCE, *v.* ANNA SCHWARTZ, Employer, Non-insured, Appellant, Impleaded with JOSEPH SCHWARTZ, Employer, Non-insured, Defendant.

Third Department, March 3, 1920.

**Workmen's Compensation Law — agreement to paint windows for fixed price — independent contractor — award for death not authorized.**

A person who followed the trade of housepainting when not otherwise engaged, and who agreed to paint the windows of an apartment house for a fixed sum, and who used his own brushes and worked in his own manner, was an independent contractor and not within the Workmen's Compensation Law, and his dependents are not entitled to an award for his death against the person for whom he worked.

APPEAL by the defendant, Anna Schwartz, from an award of the State Industrial Commission, entered in the office of said Commission on the 21st day of August, 1919.

*Ernest E. L. Hammer* [*John J. Prendergast* of counsel], for the appellant

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The deceased employee was a ticket chopper for the Interborough Rapid Transit Company and worked nights only. At times, during the day, he papered and painted for others. Apparently he maintained no shop, but described himself on a business card as a painter and paperhanger. The defendant owned an apartment house, living in one of the apartments. The defendant's husband worked ·in a butcher shop, but assisted, from time to time, in the management of the apartment house and did little jobs of repair upon it, and frequently employed the deceased employee to assist him in painting and paperhanging. The husband furnished the material, and the brush with which he worked, and the employee furnished his own brushes. A few days before the accident the employee had been working painting an iron railing on the house, for which he received three dollars per day. When this work was finished he suggested that the window frames ought to be painted. The husband told him he could not bother with them, that he did not have the money. The employee then said there were twenty-three windows on the front outside and he would paint them for twenty-three dollars and in addition would paint the basement windows without further charge. He was employed to paint these windows at that price, and while so at work sustained his injuries.

Within the rule laid down in *Matter of Litts* v. *Risley Lumber Co.* (224 N. Y. 321), it must be held that the employee was an independent contractor and, therefore, not within the Workmen's Compensation Law. There is no evidence to the contrary. The appellant, as a witness, stated that the deceased frequently assisted her husband in painting, but that these windows were to be painted at the agreed price of twenty-three

dollars. Sometimes the husband furnished the paint, but she had no information as to who furnished it for the windows. She was then asked: " Do you know whether he got $3 a day as testified to before? A. * * * I think so; I never bothered what he did." This answer forms no basis for the decision of the Commission. The only evidence about the payment of three dollars a day related to the railing and the little incidental work and other matters before the painting of the windows began. The answer, therefore, referred to that work and not to what he was to receive on this contract. The uncontradicted evidence is that the work was being done by the employee with his own brushes, in his own manner and for a fixed sum for the entire work. The award should, therefore, be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.