Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHRIST SVOLOS, Respondent, for Compensation under the Workmen's Compensation Law, v. HARRY MARSCH & Co., Employer, and CONTINENTAL CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

**Workmen's Compensation Law — relation of parties — independent contractor not entitled to compensation for injury sustained — jurisdiction of State Industrial Commission.**

Where it is conceded that a claimant employed under a contract to paint a building for a third party is an independent contractor, and he testifies as to an alleged agreement on the part of his employers to protect him by compensation insurance, but it is not claimed that the promise was made as an inducement for the signing of the contract, and it appears that if anything was said in relation thereto it was subsequent to the signing and delivery of the contract, the claim should be dismissed.

The State Industrial Commission is not a court of equity; it has no power to set aside the deliberate contracts of parties, or to close its eyes to the terms and conditions of such contracts. When it appears that a contract constitutes the claimant an independent contractor the powers of the Commission are at an end.

APPEAL by the defendants, Harry Marsch & Co. and another, from an award of the State Industrial Commission, made on the 28th day of February, 1920, affirming an award made on the 31st day of October, 1919.

*Jacobson & McCormick* [*Karl A. McCormick* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

Harry Marsch & Co. are painting contractors located in the city of Buffalo. On the 18th day of August, 1919, they entered into an executory contract in writing with Christ Svolos, who held himself out as a painting contractor, by the terms of which Svolos undertook to paint the Peoples Storage Holder " according to specifications attached, the same forming a part of this contract, and to furnish all labor, ropes, brushes and tools to complete same. The work to be started at once. It is agreed and understood between Marsch & Co. and Christ Svolos there being any delay of more than eight hours on this work, except weather conditions, Marsch & Co. are at liberty to go on and complete same without any further notice, for the sum of one thousand ($1,000) dollars, payments to be made as follows: When one coat is on complete, to receive one-half of the amount, less 10%; when second coat is complete, balance to be paid in fifteen days."

Svolos borrowed some ropes and scaffolding material of Marsch & Co., and entered upon the performance of the work, but before he became entitled to any part of the payments stipulated for a rope broke and he was seriously injured. He made a claim for compensation, and the State Industrial Commission has made an award. The employer and the insurance carrier appeal from such award. The accident happened on September 5, 1919.

The learned Attorney-General concedes that under the terms of the written contract the claimant was not an employee but an independent contractor. It is suggested, however, that because the claimant testified as to some alleged agreement on the part of Marsch & Co. to protect him by compensation insurance the award of the Commission may be sustained. It is not claimed that any such agreement was made as an inducement for the acceptance of the contract; if anything was said at all it was subsequent to the signing and delivery of the contract, and Marsch & Co. deny that anything of the kind was said at all, and there is no suggestion of any consideration for this alleged modifying agreement. This court has held repeatedly that the fact of employment was essential to the jurisdiction of the State Industrial Commission in making an award; that this fact, where it was put

in issue, must be established by common-law evidence sufficient to support a verdict by a jury, and there is no evidence whatever in the present case to show that the contract was the result of fraud, or that it did not correctly define the relations of the parties. The State Industrial Commission is not a court of equity; it has no power to set aside the deliberate contracts of parties, or to close its eyes to the terms and conditions of such contracts. When it appears, as in the present case, that the parties have entered into a contract for the performance of work under circumstances which the courts have determined constitute the workman an independent contractor its powers are at an end, and it should dismiss the claim. The case of *Matter of Litts* v. *Risley Lumber Co.* (224 N. Y. 321) is sufficient authority for this proposition.

The award appealed from should be reversed and the claim dismissed.

All concur; JOHN M. KELLOGG, P. J., in result.

Award reversed and claim dismissed.