PETZOLD *v.* McGREGOR.

[No. 14,265.    Filed June 17, 1931.]

*Pickens, Davidson, Gause, Gilliom & Pickens, Owen Pickens* and *Howard P. Travis,* for appellant.
*Winfield M. Fox,* for appellee.

LOCKYEAR, J.—This is an appeal from a finding and award of the full Industrial Board of Indiana wherein the appellee was awarded compensation for a period of 150 weeks at the rate of $16.50 per week, beginning on January 21, 1930, because of a finding by the board that the appellee was injured by an accident arising out of and in the course of his employment by the appellant, and that, as a result of such injuries, appellee permanently lost the sight of one eye. Appellant herein says that there is manifest error in the finding and award of the full Industrial Board in that the award is contrary to law and is not sustained by sufficient evidence.

Appellant, Louis Petzold, was a contractor engaged in building small houses in Terre Haute, Indiana. Appellee, Hugh McGregor, was a painter in said city who painted houses that the appellant built, under an agreement by the terms of which appellee was to paint a

certain sized five-room bungalow for $100, appellant to furnish the paint, and appellee to furnish tools and brushes. In case any extras were required, it was paid *quantum meruit* and settled for after the work was done on each house. At the time appellee was injured, appellant was building a six-room house and appellee was engaged in painting it without anything being said as to how much would be paid appellee for painting the house. He was paid $123 for this job. Appellee employed his brother to assist him and paid his brother out of the $123 which he received. Appellee, while engaged in painting the house aforesaid, used a hatchet to open a can of paint, and, when he struck the top of the can, a piece of metal flew off, either from the can or the hatchet, struck appellee in the eye and completely destroyed the sight of that eye.

Appellant contends that appellee was an independent contractor and therefore his injury is not compensable under the Workmen's Compensation Act.

Appellee was paid by the job and not by the day, although appellant and appellee arrived at the amount agreed upon by estimating the number of hours it would take to paint a five-room bungalow, and the amount it would figure at 75 or 80 cents per hour, after which appellee received $100 for each house and paid his own help; and if anything extra was required, that was settled between the parties in a friendly way.

There is in the testimony of the appellant the statement, "I furnished all the material and directed the painting." The general statement does not say, and there is nothing in any evidence to show, in what manner he directed any more than an owner would direct or request that a certain part of the house be painted first, or that it be painted a certain color, or the number of coats of paint, for the appellee testified: "I was not limited to any length of time to do the painting. I did

not submit to Mr. Petzold a statement of the number of hours I put in on the houses. He saw that the job was there and, as fast as it was done, as far as I was concerned he paid me the $100. While I was working on these jobs for Mr. Petzold, I did work for other people. I paid my brother on these jobs 50 cents per hour. Mr. Petzold told me that I would have to get someone to help on the job. Mr. Petzold had no control over the time I started to work in the morning or the time I quit in the evening. He had no control or directions over me in any manner whatever, except to the extent that I was to keep my work running along coincident with the plumbing and other work on these homes, and, if he wanted a door stained, he would come around and tell me to do it. The arrangement on the 6 room houses was the same as on the 5 room houses."

It is well settled that where one lets a contract to another to do a particular work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is let. An independent contractor is one exercising an independent employment under a contract to do work by his own methods without being subject to the control of his employer, except as to the product or result of the work. When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474; *New Albany Forge, etc., Co.* v. *Cooper* (1892), 131 Ind. 363, 30 N. E. 294, and cases cited; *Indiana Iron Co.* v. *Cray*

(1897), 19 Ind. App. 565, 48 N. E. 803; *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376,.24 N. E. 747; *Mobley* v. *J. S. Rogers Co.* (1918), 68 Ind. App. 308, 119 N. E. 477; *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65, Ann. Cas. 1916D 220; *Zeitlow* v. *Smock* (1917), 65 Ind. App. 643, 117 N. E. 665; *Switow* v. *McDougall* (1916), 184 Ind. 259, 111 N. E. 3.

In the case of *International Agricultural Corp.* v. *Slappey* (1919), 261 Fed. 279, it was held that a man who had undertaken to paint the defendant's plant and furnish "all tools and tackle necessary for the completion of the work" was an independent contractor. To the same effect is the case of *Perham* v. *American Roofing Co.* (1916), 193 Mich. 221, 159 N. W. 140, where a man was to put on a roof at $1.75 per square, he was injured while at said work, and the Supreme Court of Michigan held he was an independent contractor, and the action of the Industrial Board in allowing compensation was set aside.

In the case of *Svolos* v. *Harry Marsch & Co.* (1921), 195 App. Div. 674, 186 N. Y. Supp. 689, a man holding himself out as a painting contractor entered into a written agreement to paint a building for a certain sum, "according to specifications attached," and to furnish all labor, ropes, brushes and tools to complete the work. It was also stipulated that, if there was any delay of more than eight hours, except such as might be due to weather conditions, the employee was at liberty to go on and complete the work. Held, that the person employed was an independent contractor and, therefore, not within the scope of a Workmen's Compensation Act.

In *Hungerford* v. *Bonn* (1918), 183 App. Div. 818, 171 N. Y. Supp. 280, the claimant was a paper hanger and painter and had a small shop back of his house. He had one or more employees and carried compensation insurance upon them. He kept an automobile which was used

principally by him in his business in carrying his paint, ladders, paper and other materials and workmen. He took contracts for work and worked by the day for whosoever required his services, receiving $4.80 per day for himself and the same for his men. He furnished the material, charging the value of them in his bill. He paid the men $4 per day. The extra 80 cents per day paid for each man charged for, compensated him for the use of his brushes, implements, the cost of compensation insurance and the incidents of the employment, with perhaps a little profit. He took a contract to perform certain work upon a house for $175, and it was understood that certain other work, the amount of which was unknown, was to be done for 60 cents per hour. Held that the claimant was not within the purview of the Workmen's Compensation Act.

The following are a few of the cases that might be cited for the purpose of showing that payment for the whole work by specified sum is one of the ordinary incidents of an independent contractor. *Harris* v. *McNamara* (1892), 97 Ala. 181, 12 So. 103; *Lawrence* v. *Shipman* (1873), 39 Conn. 586; *Conners* v. *Hennessey* (1873), 112 Mass. 96; *Long* v. *Moon* (1891), 107 Mo. 334, 17 S. W. 810; *Clark* v. *Fry* (1858), 8 Ohio St. 358, 72 Am. Dec. 590; *Smith* v. *Simmons* (1883), 103 Pa. 32, 49 Am. Rep. 113.

As an element tending to show the independence of the contract, the fact that no provision had been made as to the payment for the services rendered and the compensation is dependent upon the value thereof, were mentioned in *Hexamer* v. *Webb* (1886), 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703.

A contract for work of construction not infrequently provides that the appliances or materials required for the execution of the work are to be furnished by the employee, such a stipulation tends to show that the employee is

not a servant.  *Fuller* v. *Citizens Nat. Bank* (1882), 15 Fed. 875.

The principle of interpretation has been deemed to warrant the inference that a contract is none the less independent in its character because it contains a proposition that the work is to be done under the direction and to the satisfaction of the employer's representative. *Kelly* v. *Mayor, etc.* (1854), 11 N. Y. 432; *Pioneer Construction Co.* v. *Hansen* (1898), 176 Ill. 100, 52 N. E. 17; *Ridgeway* v. *Downing Co.* (1899), 109 Ga. 591, 34 S. E. 1028. See *Indiana Iron Co.* v. *Cray, supra; New Albany Forge, etc., Co.* v. *Cooper, supra; Perham* v. *American Roofing Co., supra.*

The following cases are also in point:  A painter employed for a lump sum to paint a house, employing in the work means of his choosing and entirely within his control, is an independent contractor.  *Francis* v. *Johnson* (1904), 127 Iowa 391, 101 N. W. 878; *Prince* v. *Schwartz* (1920), 190 App. Div. 820, 180 N. Y. Supp. 703.

A boss painter, undertaking to paint a building, the general supervision being entrusted to an architect, but the manner of doing the work being left to him, is an independent contractor.  *Metzinger* v. *New Orleans Board of Trade* (1907), 120 La. 124, 44 So. 1007.

One who agrees to do a job of whitewashing for a lump sum is an independent contractor, where there is no evidence that the owner exercised or assumed to exercise any control over the work or the appliances to be employed in its prosecution.  *Finkelstein* v. *Balkin* (1907), 103 N. Y. Supp. 99.

A decorator employed to do certain work for a lump sum, furnishing all materials and tools and employing his own help, is an independent contractor, although his employer's representative directs him to work in this or that room for the purpose of preventing, as far as practicable, an interference with business.  *South-*

*western Tel. & Tel. Co.* v. *Paris* (1905), 39 Texas Civ. App. 424, 87 S. W. 724.

In the case of *Lazarus* v. *Sherer* (1931), *ante* 90, 174 N. E. 293, in an opinion written by Neal, P. J., the principles involved are accurately stated. In that case, it was held that the injured party was not an independent contractor. That case was what is known as a "border line" case, and the rule that this court will always sustain an award where there is some legitimate evidence to sustain it was upheld therein. In that case, the appellee was paid $1 per hour; in this case, the appellee was paid by the job. In that case, the appellee was to do the work with his own hands and not by deputy; in this case, he had a right to hire an assistant, and did so, and paid him out of the total sum received. In that case, the employer directed the manner in which the work was done, in this case, the employer directed what was to be done but not the manner of doing it. The manner of employing and paying appellee's brother to assist in painting the house is perhaps the strongest evidence to indicate that appellee was an independent contractor. Appellee testified that, when he figured on the jobs and determined how much he should charge, he estimated that the work of a painter was worth 75 or 80 cents per hour, but he paid his brother only 50 cents per hour. This is in direct conflict with the relation of employer and employee, for it is a familiar doctrine that all profits and advantages gained in a transaction between employer and employee, principal and agent, belong to the principal. *Perry* v. *Engel* (1921), 296 Ill. 549, 103 N. E. 340; *National Bank* v. *Seward* (1886), 106 Ind. 264, 6 N. E. 635; *Parker* v. *Boyle* (1912), 178 Ind. 560, 99 N. E. 986; *Lafferty* v. *Jelley* (1864), 22 Ind. 471; *Ackenburg* v. *McCool* (1871), 36 Ind. 473; *Indiana Trust Co.* v. *Byram* (1904), 36 Ind. App. 6, 72 N. E. 670, 73 N. E. 1094. The material facts in this case are not in dispute, and

we hold that, under the undisputed facts of this case, appellee was an independent contractor.

It is therefore ordered that this case be reversed, and the Industrial Board is directed to enter an order denying appellee compensation herein.

Curtis, J., dissents.