# Richmond.

## MATTHEWS v. JENKINS.

### APRIL 16TH, 1885.

1. PRACTICE IN CHANCERY—*Demurrer.*—It is settled in this state that a demurrer in the form prescribed by the statute, and assigning no grounds, inserted in the answer is sufficient. Code 1873, chapter 167, section 31; *Dunn* v. *Dunn*, 26 Gratt. 291. And when the court has adjudicated the principles of the cause in favor of the plaintiff, the presumption is that it overruled the demurrer, though the record does not show what was done with it. *Hinchman* v. *Ballard*, 7 W. Va. 171.

2. CONTRACTS—*Descriptio personæ—Case at bar.*—In body of contract, M. is described as "Secretary of the M. E. Association," but he signs it in his own name without addition, and all the words of promise in the contract are his.

HELD:

    It is the personal undertaking of M. and not the contract of the association.

3. IDEM—*Year's service—Monthly salary.*—A contract to continue for the period of a year, with salary payable monthly, does not make it incumbent on the employee to aver and prove that he performed the entire year's service, or was prevented from performing it, by the employer, as a condition precedent to the former's recovering anything. If the whole is to be done on one side, before anything is done on the other, then the promises are dependent. But if something is to be done on the one side, before the whole is to be done on the other, then the promises are independent.

Appeal from decree of circuit court of Fauquier county, pronounced 14th April, 1883, in the chancery suit of S. T. Jenkins, plaintiff, against T. W. Matthews, defendant.

The defendant was a non-resident of this state, but owned real estate in said county, and the plaintiff sued out an attachment in equity, and had it levied on the said real estate; and the court below decreed that the defendant pay to the plaintiff the sum of $556.50, with interest thereon from the 2nd June, 1882, until paid, and his costs, and in default of such payment that the said real estate be sold. From this decree Matthews obtained an appeal and *supersedeas* from one of the judges of this court.

Opinion states the case.

*A. D. Payne,* for the appellant.

*Hunton & Son,* for the appellee.

HINTON, J., delivered the opinion of the court.

This was an attachment in equity, brought to recover of the appellant, who is a non-resident, a balance of salary claimed to be due the appellee for services under the provisions of the agreement following:

An agreement entered into between T. W. Matthews, secretary of the Mutual Endowment Association of Baltimore, Md., and S. T. Jenkins, of Atlanta, Ga. The said Matthews agrees to pay the said Jenkins the sum of two hundred dollars ($200) per month for one year, as a guaranteed salary as a general manager and agent of the southern department of the association. The said Matthews agrees to pay the said Jenkins all the commissions of the membership fee over and above twenty per cent. when the said sum exceeds the sum of twenty-four hundred dollars ($2,400) for the year. The said Jenkins to give his undivided time and attention to the interest of the association. This agreement shall take effect from the 2nd day

of January, 1882, and to continue one year.   Office rents to be
paid by T. W. Matthews.

T. W. MATTHEWS,
S. T. JENKINS.

*Atlanta, December* 21, 1881.

The evidence establishes that the plaintiff faithfully dis-
charged all the duties pertaining to his employment from the
2nd of January, 1882, until the 2nd June in the same year,
when, in consequence of the receipt of a letter from the defen-
dant indicating a desire to modify the contract, he tendered his
resignation and discontinued work.

The court decreed in favor of the plaintiff, for $556.50, which
appears to be the balance to which he is entitled upon a proper
statement of the accounts; allowing him the sum of $1,000 as
salary for five months, and $40.50 for office rent, fixtures and
commissions, and deducting therefrom the sum of $484 for ad-
vances made in cash and other ways.

The defendant filed a demurrer and answer to the bill.   The
demurrer assigned no causes of demurrer, but was in general
language, and, in accordance with the now common practice
with us, was set out in the beginning of the answer.   *Dunn* v.
*Dunn,* 26 Gratt. 296.   The record does not disclose what dispo-
sition was made of it, but we think it must be considered as
overruled, for we cannot presume that the court would proceed
to adjudicate the principles of the cause in favor of the plain-
tiff without having first determined upon the sufficiency of his
bill.   This was the view taken of this subject by the supreme
court of West Virginia, in a late case, and it seems to us to be
the only one which can be taken consistently with the presump-
tion which usually obtains in regard to all judicial proceedings,
in the absence of evidence to the contrary, that there has been
a regular and orderly course of procedure.   *Hinchman* v. *Bal-
lard,* 7 W. Va. 171.

It is now assigned as error, however, that the demurrer was

not sustained. It is argued in support of this position, that the agreement (which is made part of the bill) creates, in legal effect, a contract between the association and the plaintiff, but none between the plaintiff and the defendant; and that the suit should therefore have been brought against the association. To this suggestion we cannot give our assent. The only question to be determined is the purpose and intent with which the plaintiff executed this agreement. Did he intend to bind himself or the association? And this question, we think, may be easily answered upon a simple examination of the terms which the plaintiff has seen fit to employ. Here all the words of promise are the words of the defendant. It is he who agrees to pay the guaranteed salary of two hundred dollars per month, the office rent and the commissions. And he, it is, who signs the agreement without the addition of any words giving notice to the plaintiff that he was merely applying "the executing hand as the instrument of another." In this case we have no parol evidence to aid us in the construction of the contract. It is, however, on its face the personal contract of the defendant Matthews, and unless we are prepared to reverse the rule that a party is to be held to intend what is the plain and manifest import of the language he has used, it must be so held. Nor can the circumstance that he in one place in the body of the instrument speaks of himself as the secretary of the Mutual Endowment Association, overcome or even weaken the effect of these evidences that the contract was personal as to Matthews, and not intended to bind the association. At most, this statement that he was secretary of the association, simply indicates, to use the language of Chief Justice Shaw, in *Bradlee* v. *Boston Glass Co.*, 16 Pick. R. 347, quoted by Moncure, J., in *Early* v. *Wilkinson & Hunt*, 9 Gratt., at page 71, "the person for whose account his (the defendant's) statement was made," but does not indicate an intention on the defendant's part to do a mere ministerial act in giving effect and authenticity to the promise of another.

But it is said, that if this be not the contract of the association, and it is a pregnant circumstance in this connection that defendant no where distinctly alleges in his answer that it was the contract of the association, yet the contract was an entire one; that the services of Jenkins were to continue for one year; and that it was incumbent upon the plaintiff to allege and prove, as a condition precedent to his right to recover, complete performance of the condition, or at least that he was deterred by the defendant from the performance thereof. We do not, however, so understand the law. The contract here was, no doubt, that the plaintiff should serve for a year, but the service for the year was not, and in the nature of things could not be, a condition precedent to the plaintiff's right to recover anything, for by the express stipulation of the contract the plaintiff was entitled at the end of each month to recover the salary for that month of $200. The contract, as a matter of fact, was nothing more nor less than an engagement for one year's service, payable by the month. In *White* v. *Atkins*, 8 Cush. 367, the plaintiff declared on a special contract, in the form and words following: "Boston, 6 Feb'ry, 1849. Articles of agreement made between Thomas G. Atkins and Earl C. White. Said White is to carry on my farm at Bedford, from 1st April, 1849, to 1st April, 1850; and the said White and wife is to have for his and her services the use of the house and furniture, all fire-wood needed, and also to have $150, one hundred and fifty dollars per year, payable monthly, if he wishes; also the provisions and board, the help and washing that are needed; also his children." The defendant pleaded entirety of contract to serve a year. The plaintiff had left on the 8th July, 1849, and at that time had demanded his monthly payments. Shaw, C. J., at page 370, said: " The contract of the plaintiff was, no doubt, for an entire year's service; but the performance of this entire contract was not a condition precedent to the plaintiff's right to recover anything, because the plaintiff was, at his option, entitled to receive his pay

monthly.   This is one of the tests to determine whether mutual contracts are dependent or independent.   If the whole is to be performed on one side, before anything is to be done on the other, they are dependent, and performance is a condition precedent.   But if something is to be done on one side, before the whole can be performed on the other, then they are independent. So here, where payments were to be made monthly, at the option of the plaintiff, that is, within the year, the performance of a year's service could not be a condition precedent to demanding a month's pay.   *Couch* v. *Ingersoll*, 2 Pick. 292." He then, further on, remarks, "that a dependent stipulation is a condition, and performance must be averred and proved, in order to recovery, but that mutual and independent stipulations are not conditions, but each party has a remedy by action for non-performance by the other, without showing performance on his own part."   And he then points out, as did Foot, J., in his dissenting opinion, in *Peck* v. *Burr*, 10 N. Y. 301, that in *Real* v. *Moor*, 19 John. 337, the court took care to remark, that in that case there was no promise to pay monthly.   In *Tipton* v. *Feitner*, 20 N. Y. 431, Selden, J., in the course of his opinion, says: "It is plain of itself, and well settled by authority, that where by the terms of a contract a payment by one party is to precede some act to be done by the other, then the performance of the act cannot be treated as a condition of the payment."   And in the same case, Denio, J., at page 479 of the report, puts the case of a contract for a year, the employer agreeing to pay the servant ten dollars at the end of each month; there having been a part performance and subsequent breach by the servant, and the employer being in arrear for several full months.   And he then admits that in such a case the servant has the right to recover the wages earned, subject to a recoupment of the master's damages for the time covered by the breach.   Now, applying the principles thus announced to the circumstances of this case, we think that the plaintiff was entitled to recover, and that the

court did not err in overruling the demurrer to the bill. Upon a full review of the case, there being no evidence that the defendant has sustained any damage for the time covered by the breach, as set out in his answer, we are satisfied that the decree of the circuit court of Fauquier county is right, and it must be affirmed.

Decree affirmed.