Syllabus.

# Wytheville.

## Jordan & Davis and Others v. Annex Corporation and Others.

June 10, 1909.

Absent, Cardwell, J.

1. CORPORATIONS — *Promoters — Agency — Secret Profits.*— Although a promoter is not strictly an agent of, or a trustee for, a company before its creation, the rules of principal and agent and of trustee and beneficiary have been extended to meet such cases, and a promoter of such a company is accountable to it as if the relation of principal and agent, or of trustee and beneficiary had actually existed. His acts are carefully scrutinized, and he is precluded from taking a secret advantage of other stockholders.

2. CORPORATIONS — *Stock Subscription — Fraud — Rescission by Subscriber—Restitution—Case in Judgment.*—A stockholder in a joint stock company who has been induced to subscribe by fraudulent representations of material facts may, upon discovery of the fraud, elect to rescind his contract of subscription if he can restore what he has received in the same state or condition in which he received it, and sue for and recover back what he has paid or given. But where, as in the case in judgment, a company is organized to lease land and erect a building thereon, and two-thirds of the term of the lease have expired, the money paid in by the stockholders has been spent and the company is insolvent, this remedy is not available to such a stockholder, because the parties cannot be placed *in statu quo.*

3. CORPORATIONS—*Promoter's Profits—Rights of Promoter as Creditor.*— Although a corporation is entitled to recover from a promoter the amount of profits which he has made out of the secret agreement, he is not debarred, as a creditor for money advanced to the corporation, from sharing in the assets of the company along with its other creditors.

VOL. CIX—40.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree in part for defendants. Complainants appeal.

*Affirmed.*

In addition to the facts stated in the opinion of the court, it may be added that the Lowenberg Corporation owned one-half of the stock of the Pine Beach Corporation, and that the remaining one-half thereof was owned by one other person. The defendants claim that one-half of the $5,000 rent would therefore go to the Lowenberg Corporation, and that the other half was given to it by the other stockholder of the Pine Beach Hotel Corporation as a *bonus* for procuring the lease of the Annex Corporation and the erection of the building.

*R. Randolph Hicks,* for the appellants.

*Loyall, Taylor & White* and *H. H. Rumble,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

Prior to March 14, 1907, W. G. Davis and R. E. Jordan, partners trading as Jordan & Davis, Garrett Smith and Benjamin Lowenberg obtained a charter of incorporation under the name of the Annex Corporation, for the purpose of conducting a hotel business. The firm of Jordan & Davis, Smith and Lowenberg each subscribed for five thousand dollars of its capital stock, which was fully paid up. Subsequently, each of the said shareholders made advances for the purpose of carrying on the business.

On the 14th of March, 1907, the Annex Corporation entered into an agreement with the Pine Beach Hotel Corporation, by which it leased from the latter a certain parcel of land upon which it agreed to erect a hotel building of the dimensions

named in the lease, and to have it ready for use not later than June 1 of that year, and to operate it in the manner provided therein to the end of the Jamestown Exposition, scheduled to close November 30, 1907. It was further provided, among other things, that the lessee was to pay the lessor, as rent, $5,000 and ten *per cent.* of the gross receipts from all sources from the operation of the hotel, was to remove the building within 30 days from the expiration of the lease, and in the event of non-payment of the rent or any other breach of the agreement during the lease on the part of the lessee, the lessor had the right to cancel the lease and take possession of the building and all the assets of the lessee therein, and to operate the same upon certain conditions.

The building provided for was erected and the business conducted until September of that year by the lessee corporation, when Jordan & Davis and Smith instituted this suit.

Briefly stated, and as far as is material to the questions involved in this appeal, in addition to what has already been stated, the complainants (appellants here) allege in their bill that B. Lowenberg, before the creation of the Annex Corporation, represented to them that he had an option from the Pine Beach Hotel Corporation to erect and operate a hotel upon lands adjoining it upon the terms and conditions above stated; that he proposed to organize a corporation to be known as the "Annex Corporation" with a minimum capital of thirty thousand dollars, of which $15,000 was to be preferred and paid for in cash; that he requested the appellants each to subscribe for $5,000 of the preferred stock, and stated that he would subscribe for the other $5,000; that they inquired of him whether or not there were any promotor's fees or secret profits coming to him, and upon his replying there were not and that he and they would become stockholders upon the same terms, they, relying on those representations, subscribed for $5,000 each of the said preferred stock, applied for and obtained the charter under the name of the "Annex Corporation,"

in which the appellants, Jordan and Smith, respectively, were named as president and vice-president, and said Lowenberg as secretary and treasurer, and all were named as directors; that after the organization of the company it made the agreement hereinbefore referred to with the Pine Beach Hotel Corporation, erected and equipped the hotel as required by the lease, and opened the same, expecting large profits to accrue from its operation by reason of the fact that the Jamestown Exposition would be in progress during the term of the lease; but that up to the time of filing their bill their expectations had not been realized and the hotel had been operated at a loss. It was further alleged in the bill that they had just discovered that the $5,000 which the lease provided to be paid to the lessor was a fiction, and that the real agreement between Lowenberg and the Pine Beach Hotel Corporation was that Lowenberg and the Lowenberg Corporation, of which he was a stockholder, should receive that sum as a promotor's fee, and that it was put in the lease as rent by collusion between the lessor and Lowenberg and the Lowenberg Corporation; that of the said $5,000 $2,500 was paid in cash, and a note for $2,500 made by the lessee to the lessor, and immediately both were turned over by it to the Lowenberg Corporation, which was a large stockholder in the lessor corporation; that in addition to the amounts due the appellants on account of the fraudulent representations made, the Annex Corporation was indebted in the sum of about $12,000, and that its only asset was the hotel operated by it which was worth nothing more than what the lumber in it would sell for; that the Annex Corporation had been unable to pay the ten *per cent.* of its gross income to the lessor as provided for by the lease; that if the lessor, for the failure to pay the rent should take possession and operate the hotel as it had a right to do under the terms of the lease, it would result in loss to all concerned, and this fact was recognized by the lessor since it was threatening to have the Annex Corporation placed in the hands of a receiver.

The Pine Beach Hotel Corporation, the Annex Corporation, the Lowenberg Corporation, and Benjamin Lowenberg, were made parties defendant to the bill.

The prayer of the bill was that the appellants' subscriptions to the stock of the Annex Corporation be annulled; that it be adjudged insolvent and dissolved, and a receiver appointed to distribute its assets to those entitled thereto; that the defendants be required to return to it the said $5,000 unlawfully obtained from it as rent, and apply the same to the liquidation of the claim of appellants; and that so much of their claims as is not thus paid the defendants be required to pay; and for general relief.

The trial court refused to annul the subscriptions of appellants to the stock of the Annex Corporation, holding them to be valid and binding; required B. Lowenberg and the Lowenberg Corporation to pay to the receivers who had been appointed in the cause the sum of $2,500 with interest, and directed the $2,500 note given for the residue of the alleged rent to be surrendered and cancelled; and directed the moneys advanced by the said stockholders in excess of their subscriptions to be paid *pro rata* out of the proceeds of the assets of the Annex Corporation. From that decree this appeal was taken by Jordan & Davis and Garrett Smith.

The first error assigned is to the action of the court in refusing to annul or rescind the contracts of subscription made by the appellants to the stock of the Annex Corporation.

Although a promotor is not strictly an agent of or a trustee for a company before its creation, the principles of law of principal and agent and of trustee and beneficiary have been extended to meet such cases, and a promotor of such a company is accountable to it as if the relation of principal and agent, or of trustee and *cestui que trust,* had actually existed. His acts are carefully scrutinized, and he is precluded from taking a secret advantage of other stockholders. See *Sydney, &c. Iron Ore Co.* v. *Bird.* 33 Chy. Div. 85; *Dickerman* v.

*Northern Trust Co.,* 176 U. S. 181, 44 L. Ed. 423, 20 Sup. Ct. 311; *Va. Land Co.* v. *Haupt,* 90 Va. 533, 537, 19 S. E. 168, 44 Am. St. Rep. 939; *Central Land Co.* v. *Oberchain,* 92 Va. 130, 143, 22 S. E. 876, and note to *Telegraph, &c.* v. *Christian, &c.,* 4 Am. & Eng. Ann. Cases, pp. 669-70.

Where a party has been induced to enter into a contract by fraud, he has in general, as was said in the case of *Wilson* v. *Hundley,* 96 Va. 96, 100, 30 S. E. 492, 70 Am. St. Rep. 837, the choice of two remedies. He may elect to rescind the contract, if he can restore what he has received in the same state or condition in which he received it, and sue for and recover back the consideration he has paid or given; or, if he has not paid anything, repudiate the contract and rely when sued upon fraud as a complete defense; or he may elect to retain what he has received under the contract and bring an action to recover damages for the injury he has sustained by the deceit.

For the fraud of B. Lowenberg, which the evidence clearly establishes, either the Annex Corporation or the appellants had a cause of action. But under the facts of the case there could be no rescission of the agreement to lease or of the appellants' contracts of subscription, because of the changed condition of affairs. When this suit was brought, two-thirds of the time during which the lease was to run had expired, the money paid in by the stockholders had been spent and the corporation was insolvent. The parties could not be placed *in statu quo.* The only relief, therefore, that can be had in this case is the recovery of the promotor's fees or profits made by B. Lowenberg or the Lowenberg Corporation. This relief the trial court gave.

It is insisted by the appellees, upon cross-assignment of error, that in no event were the profits or fees of the promotor more than one-half of the five thousand dollars, because, as is claimed, the Lowenberg Corporation was really entitled to one-half of the five thousand dollars as rent, and that only the

other half, which was ostensibly due the Pine Beach Hotel Corporation, was the promotor's fee or profit.

The trial court was of opinion that the whole sum of $5,000 agreed to be paid as rent was promotor's profits, and under all the facts and circumstances of the case we cannot say that it erred in so holding.

The remaining assignment of error is to the action of the trial court ·in permitting B. Lowenberg and Pine Beach Hotel Corporation to participate as creditors in the restored promotor's profits.

While the corporation is entitled to recover from the promotor the amount of profits which he has made out of the secret agreement, we know of no rule of law or of equity which deprives him as a creditor of the corporation for money actually advanced by him in carrying on its business, from sharing in its assets along with its other creditors.

We are of opinion that there is no error in the decree appealed from and that it should be affirmed.

*Affirmed.*