## WRIGHTSMAN v. BROWN.

No. 27633.  Nov. 2, 1937.

Christy Russell and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Roscoe E. Harper and Fenelon Boesche, for defendant in error.

RILEY, J.  On April 9, 1931, Harry J. Brown brought suit against C. J. Wrightsman seeking balance due upon a written employment contract and recovered judgment in the sum of $944.33. This is the second time this case has been considered by this court. On the former trial the lower court sustained a demurrer to plaintiff's evidence, which, on appeal, was reversed. Brown v. Wrightsman, 175 Okla. 189, 51 P. (2d) 761.

For sometime prior to November 21, 1925, the plaintiff had been employed as general manager of defendant's property at a salary of $600 per month. On that date the parties entered into a written contract whereby plaintiff's employment was continued for a period of two years at a salary of not less than $10,000 per year, payable in equal monthly installments. On November 23, 1925, the defendant, apparently dissatisfied with the above-mentioned agreement, submitted a substitute. This contract was not signed by plaintiff until March 22, 1926, at which time, at the request of the plaintiff, a clause was added, providing as follows:

"Accepted by me this 22nd day of March, 1926.

"(Sgd.) Harry J. Brown

"Whenever conditions cease to be mutually agreeable, either party may terminate this agreement by giving the other party thirty days notice.

"(Sgd.) C. J. Wrightsman.
"(Sgd.) Harry J. Brown."

On April 5, 1926, plaintiff submitted his resignation effective 30 days from that date. Prior to the submission of the notice of resignation, the plaintiff had been negotiating with Edward Galt and others concerning his future employment. The terms of this contract with Galt ét al. were substantially agreed upon prior to March 22d, were thereafter reduced to writing, dated March 31, 1926, and signed by plaintiff April 8, 1926.

The evidence discloses that on April 23, April 30, May 5, 'and December 28, 1926, vouchers in the amount of $833.33, the equivalent of one month's salary, were sent by defendant to plaintiff, but the latter refused them on the ground that the endorsement which stated, "In full settlement, release and discharge of all claims, * * *" should have read only "April salary."

The case was tried to the court, and it was found, in addition to the above facts, that defendant did not know of the negotiations between plaintiff and Galt; that at the time the 30-day termination clause was added to the contract, March 22, 1926, plaintiff then intended to tender his resignation to defendant prior to the expiration of the two-year period; that on said date the defendant contemplated plaintiff would remain in his employment for the full two-year period; and that defendant would not have executed the amendment on March 22d, had he known plaintiff was then intending to terminate the contract. The court further found as 'a conclusion of law that plaintiff's conduct in procuring defendant to agree to the 30-day termination provision did not constitute fraud, and that plaintiff was entitled to judgment for $833.33, as salary for April, 1926, and for $110, salary for the first four days of May, 1926, with interest at 6 per cent. from May 4, 1926.

The defendant pleaded fraud of plaintiff in total bar of the action, but did not plead or prove any damages either as a defense or as a counterclaim or set-off. The plaintiff's reply was in the form of a general denial.

The plaintiff contends no fraud was practiced and that the entire contract, including the termination clause, is valid. The defendant contends the contract proper, as signed March 22, 1926, is valid, but that the termination clause was fraudulently obtained, thereby precluding plaintiff from recovering in this action, even though his services during the 30-day termination period were performed with defendant's consent.

Let us assume for argument the position most favorable to the defendant, that the conduct of the plaintiff was fraudulent. Both parties, by their pleadings, take the position that the contract proper was valid, the defendant contending that only the termination clause added March 22, 1926, is invalid because of fraud. The theory of the parties in the trial court cannot be changed on appeal.

In support of his contention that the fraud may be pleaded in total bar of plaintiff's 'action, the defendant cites 20 Cyc. 87; 9 Cyc. 433; Olston v. Oregon Water Power & Ry. Co. (Ore.) 97 P. 538; Jordan v. Annex Corporation (Va.) 64 S. E. 1050, and Fields v. Brown (N. C.) 76 S. E. 8. Examination discloses these authorities apply either to rescission of contracts because of fraud or to actions to enforce a contract obtained by fraud, and the defrauded party has received no benefit. 9 Cyc. 433, states:

"Instead of affirming the contract the party defrauded may * * * rescind and set up the fraud as a defense to a suit brought against him on the contract either at law for damages, or in equity for specific performance."

Olston v. Oregon Water Power & Ry. Co., supra, cites and relies on 9 Cyc. 433, supra.

There can be no question of rescission here. In fact defendant's answer, referring to the contract relied upon by plaintiff. states:

"* * * Plaintiff was on March 22, 1926, and is now, in law, as in fact, bound thereby with precisely the same force and effect as if he, the said plaintiff, had actually endorsed his written acceptance on said agreement at or about November 23, 1925, the date he orally agreed that such letter embodied such agreement."

Furthermore, a rescission must be in toto. A party cannot affirm a contract in part and repudiate it in part. 9 Cyc. 438. The cases of Jordan v. Annex Corporation, supra,

and Fields v. Brown, supra, are likewise inapplicable.

We believe the proper rule is stated in 9 Cyc. 431:

"On discovering the fraud by which he was induced to enter into a contract, **the party defrauded may elect** whether he will treat the contract as binding or refuse to be bound by it; **but until he so elects it continues valid.** An agreement procured by fraud is voidable and not void. * * *"

This view was approved by this court in the case of Colby v. Daniels, 125 Okla. 203, 257 P. 298, wherein the court, citing Wingate v. Render, 58 Okla. 656, 160 P. 614, held:

"Contracts induced by fraud are not void, but voidable. The defrauded party may elect, with knowledge of the facts concerning the fraud, to treat the contract as valid, and if he does so, he cannot thereafter change his position and insist that it is invalid."

The defendant has not elected to rescind the contract executed March 22, 1926; therefore, it is valid and binding. What are the remedies of one who is thus bound by a contract procured by fraud? The rule is plainly stated in 9 Cyc. 432:

"When a party has been induced to enter a contract by false and fraudulent representations, he has several remedies. He may affirm the contract, keeping what he has received under it, and maintain an action to recover the damages which he has sustained by reason of the fraud, **or set up such damages as a defense or by way of counterclaim,** if sued upon the contract by the other party. * * *"

Wrightsman could have filed suit against Brown to recover any damages sustained, or he could have set them up as a defense in this action or sought recovery by way of a counterclaim. This he did not do, and under the facts of this case and the law applicable thereto, his answer fails to state a defense.

The defendant quotes 39 C. J. 145, as follows:

"A contract to render personal services for a specified time is ordinarily regarded as an entire contract, so that a recovery thereon can be had by the employee only upon showing full performance or a valid excuse for nonperformance."

The next sentence of that paragraph is enlightening, and follows:

"* * * This is true, although the contract states the compensation to be at the rate of so much per week or month, **provided it does not require the actual payment of so much each month or week.** * * *"

And at page 146, is found this statement:

"If there is no forfeiture provision in the contract or rules governing the employment, **an employee who abandons his employment in violation of his contract may recover for services rendered if the contract is severable.**"

In Mernagh v. Nichols, 132 App. Div. 509, 118 N. Y. S. 59, it was stated:

"Where the parties expressly agree that service for the entire term of contract shall be rendered as a condition precedent to the payment of any part of the wages, the entire contract must be performed in order to enable the servant to recover the wages earned, but where the agreement is for payment from time to time during the term, recovery can be had for the wages earned, though the servant abandons the service before the expiration of the term without cause."

In Matthews v. Jenkins, 80 Va. 463, the plaintiff sought recovery on a contract whereby defendant hired plaintiff for one year as general manager of the southern department of an endowment association for $200 per month. At the end of five months the employer desired to modify the contract and the employee tendered his resignation. It was held that the contract was nothing more or less than an agreement for one year's service, payable by the month. The performance of the contract was not a condition precedent to the right of the plaintiff to recover for the services performed. The master might, however, recoup any damages caused by the breach.

Of like holding are Davis v. Preston, 6 Ala. 83; White v. Atkins, 8 Cush. (Mass.) 367; Seaburn v. Zachmann, 90 N. Y. S. 1005.

In his reply brief the defendant cites Schneider v. Hagerstown Brewing Co., Inc. (Md.) 110 Atl. 218. As we read this case, it definitely authorizes recovery by the plaintiff herein. Plaintiff had agreed to serve as defendant's brewmaster for a term of five years for a salary of $1,800 per year, or $150 per month, payable $30 per week, with the balance of $30 per month ($360 per year) payable at the end of each year in brewery stock. Plaintiff served for three years, during which time the cash payments per month were paid, but none of the brewery stock was issued. Plaintiff obtained employment elsewhere, terminated his contract, and sued for the balance represented

by the brewery stock. The court held that the plaintiff plainly had breached his contract, which disentitled him to any of the compensation provided thereby except that accrued previous to the breach. The utmost extent of any legitimate claim by plaintiff after his voluntary withdrawal was to be p'aid the installments fully earned and payable at the time of the breach. The contract was divisible as to salary payments and the plaintiff was permitted to recover balance due at time of breach.

Under the above principles, the contract between Wrightsman and Brown, which required equal monthly payments of salary prior to the addition of the 30-day termination clause, was divisible, and Brown could have recovered for services rendered during any month prior to the breach, subject, of course, to the right of the defendant to show damages in defense or to recover by counterclaim.

Did the addition of the 30-day termination clause, now assumed valid, alter the rights of the parties? We believe not in so far 'as the plaintiff's right to compensation and the defendant's right to recover damages are concerned. Under this clause the plaintiff could, if conditions thereafter ceased to be mutually agreeable, terminate the contract on 30 days' notice, recover for his services during the 30-day period, and not be liable for damages caused thereby to defendant. The plaintiff admitted he sought the addition of this clause that he might terminate the contract to 'accept other employment. Perhaps he did not terminate it for the reasons that conditions thereafter became mutually disagreeable. This may have been a breach of the contract for which the defendant could have held plaintiff liable for resulting damages in this suit by pleading and showing them in defense or by way of counterclaim. Having failed to do this, defendant cannot now complain.

We have examined the record and defendant's remaining assignments of error and find no reversible error. Judgment affirmed.

OSBORN, C. J., 'and PHELPS, GIBSON, and DAVISON, JJ., concur.