272

# CIRCUIT COURT OF THE CITY OF NORFOLK

Christopher Doddy
and Teresa Doddy

v.

Zedd Auctioneers, Ltd., et al.

November 13, 2008

Case No. (Civil) CL07-4965

BY JUDGE EVERETT A. MARTIN, JR.

In their second amended complaint, to which no demurrer was filed, the Doddys allege they contracted to purchase real estate; that Calvin Zedd received two deposits from them that he agreed to hold in escrow until the closing; that Zedd used the deposits for other purposes and did not provide the deposits for closing until ordered to do so by the court. The Doddys seek to recover compensatory damages in the amount of the "buyer's premium" Zedd was to receive under the contract, punitive damages, and attorneys' fees.

The Doddys paid Zedd $7,260 on June 18, 2007, and another $39,540 on June 26. The contract price for the purchase of the property was $312,000. Closing was to occur within forty-five days of June 19. As the closing date approached, the Doddys and their title insurance company requested Zedd to provide the money he had received for closing. Their requests went unanswered.

The Doddys filed their complaint on August 16, and, the next day, this court entered an injunction requiring Zedd to pay the deposits to the court. Zedd, thereafter, by agreement, paid $31,200 into court, retained the $15,600 buyer's premium, and the closing occurred.

Mrs. Doddy testified that Zedd told her their deposits would be held in escrow and that she never would have given Zedd the money without that promise. Mr. Doddy was equivocal in his recollection of the conversation. Zedd had no recollection on the issue. I find Mrs. Doddy the most credible.

The Doddys recognize that fraud can be based on a promise to take future action only if there is no intent to perform when the promise is made. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 384 S.E.2d 752 (1989). The Doddys claim Zedd's intent not to perform is shown by the bank records of his trust account. Zedd deposited the Doddys' first check on June 19. The balance in the trust account was only $105 more than the deposit. That very day, Zedd wrote a check for $4491 that did not benefit the Doddys. By June 22, the balance of the trust account was down to $655.

Zedd deposited the Doddys' second check on June 26. The balance in the trust account balance was only $226 more than the deposit. That same day he wrote three checks totaling $27,542. None of those checks were related to the Doddys' real estate closing. These actions reduced the balance in Zedd's trust account on June 28 to $13,175, less than the amount necessary to discharge his obligation to the Doddys. From this evidence, it is obvious Zedd used the Doddys' money to pay other creditors and that he used it promptly after receipt. This evidence supports an inference that Zedd had no intent to maintain the Doddys' funds in a trust account when he made the promise he would do so. I thus find by clear and convincing evidence that Zedd committed an actual fraud on the Doddys. As his conduct was not negligent, but intentional, I deny the claim for constructive fraud.

### Compensatory Damages

The contract provided that the buyer's premium was in addition to the purchase price. The plaintiffs elected to affirm the transaction and the closing eventually occurred. They are thus entitled to damages for the injury they sustained by Zedd's deceit. *Jordan v. Annex Corp.*, 109 Va. 625, 630 64 S.E. 1050, 1052 (1909). If Zedd had not deceived them about holding their funds in trust and if the closing had occurred within the time specified in the contract, the Doddys would still have owed Zedd the buyer's premium. Thus, the buyer's premium is not an injury the Doddys sustained by Zedd's deceit. I deny their request to recover it.

Zedd's actions, however, caused the Doddys unnecessary inconvenience, anxiety, and expense. I find an award of $10.00 in nominal damages is warranted.

## Punitive Damages

Punitive damages may be recovered in an action for fraud only if there is proof of actual malice, which includes conduct so reckless as to evince a conscious disregard of the Doddys' rights. *Jordan v. Sauve*, 219 Va. 448, 247 S.E.2d 739 (1978). I find the evidence previously recited to be sufficient to establish actual malice. Furthermore, an award of nominal damages will support an award of punitive damages. *Zedd v. Jenkins*, 194 Va. 704, 74 S.E.2d 791 (1953); *University Support Services, Inc. v. Galvin*, 32 Va. Cir. 47 (Fairfax 1993).

I have considered Zedd's conduct, its duration, his knowledge of his conduct, the amount of money involved in this transaction, and the harm caused to the Doddys. I have also considered Zedd's loss of his auctioneer's license, his age, and his health. There was no evidence of his present financial circumstances. I conclude an award of $3500 in punitive damages is appropriate.

## Attorneys' Fees

Reasonable attorneys' fees may be awarded to the defrauded party in a fraud suit. *Prospect Devel. Co. v. Bershader*, 258 Va. 75, 515 S.E.2d 291 (1999). I believe the Doddys are entitled to have Zedd pay their reasonable attorneys' fees and expenses incurred to have their deposit paid to the closing agent, which occurred about August 22, 2007. I have reviewed an affidavit and fee statement, and I believe the appropriate amount for the accomplishment of those ends is $8,961.77.

The remaining attorneys' fees and expenses of $23,227.97 were incurred to try to recover the buyers premium, punitive damages, and attorneys' fees already incurred. I have concluded there is no merit in the Doddys claim for a return of the buyer's premium, and much of the fee was incurred for that purpose. It is also well established that an action ought not be maintained to recover only punitive damages. *Zedd, supra*. The Doddys, of course, are not seeking only punitive damages, but how much more in attorneys' fees ought to be awarded when the only meritorious claims are for punitive damages and attorneys' fees already incurred?

I have considered the factors mentioned in *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 499 S.E.2d 829 (1998). I have received every entry in the plaintiffs' counsels' "Billing Memo." Plaintiffs' counsel certainly had to prepare amended pleadings, issue *subpoenas duces tecum* for bank records, prepare and propound discovery to the defendants, prepare for and take Zedd's deposition, and prepare for trial. The trial in this case was relatively brief. I conclude an additional award of $4,000 is warranted.