Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of ALFRED A. FANCHER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* BOSTON EXCELSIOR COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

**Workmen's Compensation Law — relation of parties — claimant hired to cut wood at specified rate per cord was not employee.**

The claimant, who was hired by the defendant to cut wood at a specified rate per cord, was not an employee of the defendant within the meaning of the Workmen's Compensation Law.

HASBROUCK, J., dissents.

APPEAL by the defendants, Boston Excelsior Company and another, from a decision and award of the State Industrial Board, made on the 3d day of March, 1922.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondent State Industrial Board.

*A. L. O'Connor,* for the claimant, respondent.

H. T. KELLOGG, Acting P. J.:

The claimant made a contract with the Boston Excelsior Company through its manager, Mr. Hornbeck, to cut and pile cordwood for four dollars and fifty cents per cord. No other terms were specified than as stated in the following words by claimant: " I simply took the job at cutting wood from Mr. Hornbeck at so much per cord." The burden of establishing a contract of employment was clearly upon the claimant. So far as appears, the claimant might have executed the thing to be done by such means, in such manner, and at such times as his own choice dictated. He might have cut the

trees with a cross cut saw or with an axe.   He might have cut the logs into cordwood lengths by a hand saw, a machine saw, or a hatchet.   He might have worked in the morning alone, the afternoon alone, or upon any day or during any hour which he saw fit. He might have employed assistants, farmed out the work to another, or performed the entire job himself.   There was no term in the contract by which during the progress of the work he subjected himself to the orders or directions of the Boston Excelsior Company.   He did not, therefore, contract to serve a master, but to serve an object, and if he accomplished the object, no matter what his acts or words of apparent insubordination to his promisee may have been, he performed his contract.   Therefore, he was not an employee.   (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Litts* v. *Risley Lumber Co.*, 224 id. 321; *Prince* v. *Schwartz*, 190 App. Div. 820; *Ball* v. *Estate of Bertelle*, 201 id. 768.)   In the *Hexamer* case it was said that the test of employment was whether or not a laborer represented " the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." The use of this test was approved in the *Litts* case and the *Ball* case.   This claimant represented the will of the Boston Excelsior Company only as to the result of his work.   Therefore, he was not its employee.

The award should be reversed, with costs against the State Industrial Board, and the claim dismissed.

KILEY, VAN KIRK and HINMAN, JJ., concur; HASBROUCK, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.